IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT THOMAS JOHNSON,

                **Plaintiff,**

      v.                          CASE NO. 10-3104-SAC

**POTTAWOTOMIE TRIBAL**
**POLICE DEPARTMENT, et al.,**

                **Defendants.**

## O R D E R

On August 19, 2010, this action was dismissed as frivolous as well as for failure to state a claim under 42 U.S.C. § 1983, and all relief was denied. Mr. Johnson has filed a Notice of Appeal and a Motion to Proceed in forma pauperis (IFP) on Appeal. He paid the district court filing fee in full to initiate this action.

Mr. Green has submitted an Inmate Account Statement in support of his IFP motion as statutorily mandated. Under 28 U.S.C. § 1915(b)(1), a plaintiff granted such leave is not relieved of the obligation to pay the full appellate filing fees of $455.00. Instead, being granted leave to proceed IFP merely entitles an inmate to proceed without prepayment of the full fee upfront, and to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly

balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.  Having examined the records of plaintiff's account, the court finds the average monthly deposit to his account during the statutory period was $121.87, and the average monthly balance was $ 121.80.  If this court were to grant leave to proceed IFP, it would be required by statute to assess an initial partial filing fee of $ 24.00, twenty percent of the average monthly deposit, rounded to the lower half dollar.

However, the court finds that plaintiff's Motion for Leave to Proceed IFP on appeal should be denied.  This is because "in order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." <u>Menefee v. Werholtz</u>, 368 Fed.Appx. 879, 884 (10th Cir. 2010)(citing <u>Lister v. Dep't. of Treasury</u>, 408 F.3d 1309, 1312 (10th Cir. 2005). Plaintiff has not made the latter showing.  The court has examined plaintiff's Notice of Appeal (Doc. 11) and re-examined its Order of Dismissal, and finds that plaintiff has stated no nonfrivolous factual or legal ground for appeal.  For these reasons, the court certifies that the appeal is not taken in good faith.  <u>See</u> <u>also</u> 28 U.S.C. § 1915(a)(3).  Accordingly, the court denies plaintiff's motion to proceed on appeal in forma pauperis.

**IT IS THEREFORE ORDERED** plaintiff's Motion for Leave to Appeal in forma pauperis (Doc. 14) is denied.

2

**IT IS SO ORDERED.**

Dated this 18th day of November, 2010, at Topeka, Kansas.


                                                  s/Sam A. Crow
                                                  U. S. Senior District Judge